Brian E. Klein (Bar No. 258486)
  bklein@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
Sam S. Meehan (Bar No. 307934)
  smeehan@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant Jason Wong*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDWARD PARK, an individual; RICHARD BUYALOS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JASON WONG, an individual, <br><br> Defendant. | Case No. 2:24-CV-00723-WLH-AJR <br><br> **DEFENDANT'S *EX PARTE* APPLICATION TO VACATE THE CLERK'S DEFAULT ORDER AND FOR LEAVE TO FILE MOTION TO DISMISS** <br><br> *Filed concurrently with Declaration of Sam Meehan; Declaration of Jason Wong; [Proposed] Order* <br><br> Action filed:   January 26, 2024 <br> Trial date:       TBD |

1 Defendant Jason Wong ("Mr. Wong"), by and through his counsel of record, Waymaker LLP, hereby moves *ex parte* to vacate the default Order entered by the clerk on February 28, 2024 (Dkt. 17), and for leave to file a motion to dismiss the Complaint (Dkt. 1), filed by Plaintiffs Edward Park and Richard Buyalos ("Plaintiffs"). For the reasons explained in the Memorandum of Points and Authorities below, and as supported by the Declarations of Sam Meehan ("Meehan Decl.") and Mr. Wong ("Wong Decl."), Mr. Wong respectfully submits that he meets the good cause standard for vacating a default Order under Fed. R. Civ. P. 55(c), and respectfully requests that the Court set aside the default and permit the filing of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Mr. Wong submits that he has valid defenses to the Complaint and, through his new undersigned counsel, intends to assert them vigorously and with diligence going forward.

Pursuant to Local Rule 7-19.1, counsel for Mr. Wong has met and conferred Plaintiffs' counsel, Ariel Neuman and Fanxi Wang, on March 20, 2024. (*See* Meehan Decl., ¶¶ 3-4.)[1] Mr. Wong's counsel explained the bases for vacating the award, including improper service and other good cause. Plaintiffs' counsel was noncommittal and advised that they were not able to take a position as to whether they would oppose the relief sought without seeing the moving papers. (*Id.*, ¶ 4.)

Recognizing that, as this Court has instructed, *ex parte* applications are solely for extraordinary relief and should be used with discretion (*see* Standing Order for Civil Cases Assigned to Judge Wesley L Hsu ("Standing Order"), Ex Parte Applications at (Section J)), Mr. Wong seeks relief by way of an *ex parte* application because the relief he is requested may be unopposed and a speedy

---

[1] In compliance with Local Rule 7-19, the contact information for Mr. Neuman and Ms. Wang is as follows: Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP; 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067; (310) 201-2100; aneuman@birdmarella.com and fwang@birdmarella.com.

resolution here would allow the parties to move onto the merits of their dispute. Further, with the passage of time there is a danger that Plaintiffs may attempt to reduce the default to an enforceable judgment. Accordingly, Mr. Wong respectfully submits that the requested relief is appropriate on an *ex parte* basis. Should the Court, however, prefer a noticed motion with hearing under Local Rule 7-3 *et. seq.*, Mr. Wong of course will resubmit a noticed motion accordingly.

## I.   INTRODUCTION

Mr. Wong respectfully asks this Court to find good cause to vacate the default and permit a filing of a motion to dismiss. Mr. Wong had no idea he had even been sued by Plaintiffs until after the default had been entered because the Complaint was improperly served on his elderly mother who has dementia. Moreover, Mr. Wong has not lived at the address where the Complaint was served for at least seven years. Now that he is aware he has been sued, Mr. Wong has retained counsel and intends to vigorously litigate this matter.

Mr. Wong has meritorious defenses to Plaintiffs' claims, several of which are legally defective on their very face and are vulnerable to a dispositive motion to dismiss, which Mr. Wong intends to promptly file if the relief requested here is granted. The fact that Mr. Wong has meritorious defenses weighs in favor of finding good cause here. Further, Mr. Wong's current counsel was only just retained less than two weeks ago and filed their notices of appearance on March 20, 2024. (Meehan Decl., ¶ 3; Dkt. 18-20.) The equities favor relief from default and for leave to file a motion to dismiss.

## II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On January 26, 2024, Plaintiffs filed their Complaint (Dkt. 1.) The Complaint asserts various purported claims based on Mr. Wong's alleged sale of cryptocurrency tokens to Plaintiffs. In particular, Plaintiffs allege causes action for violation of the federal Securities Exchange Act Section 15(b), common law breach

of fiduciary duty, violation of Cal. Corp. Code section 25501.5, unfair business practice in violation of Ca. Bus. & Prof. Code section 17200, and unjust enrichment. (Dkt. 1 at 8-11.)  Mr. Wong strongly disputes these claims and denies any wrongdoing.  Given the opportunity to litigate this matter on its merits, Mr. Wong will demonstrate that Plaintiffs' claims are deeply flawed both legally and factually.

Plaintiffs' Complaint is not only riddled with legal and factual errors—it was never properly served on Mr. Wong to begin with.  Mr. Wong only learned that he had been sued, when on March 1, 2024, he received an **email** from Plaintiffs' counsel attaching the Complaint and the Clerk's Default Order (Dkt. 17), which had been entered two days prior.  (Wong Decl. ¶ 2, Ex. A.)  Mr. Wong was confused upon receiving this email, as he had not had any prior notice that he had been sued. (*Id.*, ¶¶ 2-4.)  Mr. Wong was never properly served, as the Summons, Complaint, and related documents were given to his elderly mother at her home on February 2, 2024.  (*See* Dkt. 14-15; Wong Decl., ¶¶ 4-7.)  Mr. Wong has not lived at the address where service was attempted for at least seven years.  (Wong Decl., ¶ 5.)  Mr. Wong's mother is of advanced age and diminished capacity.[2]  (*Id.*, ¶ 6.)  Mr. Wong has never authorized his mother to accept legal service on his behalf.  (*Id.*, ¶ 5.)  Nor did he return a signed form acknowledging receipt of the Summons and Complaint. (*Id.*, ¶ 7.)

///
///
///

---

[2] As explained in Mr. Wong's concurrently filed Declaration, he would prefer not to discuss the specifics and extent of his mother's faculties and medical conditions in a public filing. (Wong Decl., ¶ 6.)  However, if the Court requires additional evidence of her condition (for example, a note from her doctor), Mr. Wong would be happy to accommodate the Court and submit a supplemental Declaration under seal regarding these matters.  (*Id.*)

## III. DISCUSSION

### A. This Court Should Vacate the Clerk's Default Order Because of Ineffective Service of Process

Ineffective service of a complaint alone is grounds for setting aside an entry of default. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-53 (9th Cir. 1992) (holding default judgment void due to ineffective service of process where the plaintiff attempted to serve a notice and acknowledgment by mail but the acknowledgment was not returned); *see also Livingston v. Morgan*, 2007 WL 1150922, at *1 (N.D. Cal. Apr. 18, 2007) (granting motion to set aside entry of default where service of process was ineffective).

*Poorsina v. Tseng* is instructive here. In that case, the district court held that service was ineffective when a process server left service papers at a San Francisco residence with a person purporting to be defendant's mother (whom the process server admitted "may not have understood the question") and then later mailed copies of the documents to the same address. 2022 WL 110649, at *5 (N.D. Cal. Jan. 12, 2022). The defendant did not live at the address served and he submitted a declaration testifying that his mother lived in Toronto, not San Francisco. (*Id.*) As to service by mail, the court found that was ineffective as well because the defendant did not return a signed acknowledgement of receipt as required by Cal. Code Civ. Proc. § 415.30. (*Id.*)

Based on the nearly identical facts presented here as in *Poorsina*, the Court should set aside the default for ineffective service. *See also Watkins v. Cty. of Los Angeles*, 2023 WL 8896247, at *1-2 (C.D. Cal. Aug. 1, 2023) (denying motion for entry of default when service was improper; Court instructing that "[p]roper service would have been hand-delivering a copy of the summons and complaint to [defendant] or **someone he lives with who is also** at least eighteen years old **and of competent mind**") (emphasis added).

///

### B.   Good Cause Also Exists to Set Aside the Default Order

Under Fed. R. Civ. P. 55(c), the Court may set aside a clerk-entered default for good cause.  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Good cause in the context of a default order should also be evaluated with respect to the standards for ordering a default judgment, which "should be liberally construed to effectuate the purpose that cases be tried on the merits." *In re Majestic Air, Inc.*, 2020 WL 3167672, *2 (C.D. Cal. June 12, 2020); *see also Sanders v. City of National City*, 2021 WL 509022, at *2 (S.D. Cal. Feb. 10, 2021).  A trial court has "especially broad" latitude in setting aside a default that, as is the case here, has not yet been reduced to judgment.  *Brady v. United States*, 213 F.3d 499, 504 (9th Cir. 2000); *O'Connor v. Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

Courts consider three factors in determining whether good cause exists to set aside a default:  "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  Here, all three factors tilt decisively in favor of setting aside the default.

#### 1.   Plaintiffs Will Not Suffer Prejudice if the Default is Vacated

Only when a "plaintiff's ability to pursue his claim will be hindered" is a plaintiff considered prejudiced by the set aside of a default.  *See TCI Group Life Ins. Plan*, 244 F.3d at 701.  A plaintiff is not prejudiced by "merely being forced to litigate on the merits."  *Id.*; *see also Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (mere loss of a "quick victory" not enough to justify setting aside even a default judgment).

Given the speed with which Mr. Wong has moved in filing this Application, Plaintiffs will have no "tangible harm such as loss of evidence" or "increased

difficulties of discovery." *Yan v. General Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015).

### 2. Mr. Wong Has Strong Defenses to the Complaint

"[T]he showing of a meritorious defense does not involve a heavy burden of proof." *Tri-Continental Leasing Corp., Inc. v. Zimmerman*, 485 F. Supp. 495, 497 (N.D. Cal. 1980). "When moving to vacate an entry of default, 'the movant is not required to prove a defense, but only to assert a defense that it may prove at trial.'" *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C 2009), *citing Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995).

If given the opportunity to do so by the Court, Mr. Wong can present strong legal and factual defenses to the Complaint, a non-exhaustive list of which follows below.

#### (a) There Is No Private Right of Action Under Section 15(b) of the Securities Act of 1934 for the Relief Sought by Plaintiffs

The Complaint's first cause of action is for damages based on alleged violation of Section 15(b) of the Exchange Act. Controlling case law is clear that this section, which requires that broker-dealers be registered, does not permit a private right of action to recover monetary damages. *See Sec. & Exch. Comm'n v. Seaboard Corp.*, 677 F.2d 1301, 1313-14 (9th Cir. 1982); *see also Hollifield v. Resolute Capital Partners Ltd., LLC*, 2023 WL 2628675, at *7 (C.D. Cal. Feb. 14, 2023) (holding that plaintiffs' Section 15(b) claims "clearly do not provide them with the ability to sue . . . that provision does not contain a private right of action."); *Rhoades v. Powell*, 644 F. Supp. 645, 662 (E.D. Cal. 1986) (holding that 15 U.S.C. § 78cc(b) "does not create an implied private cause of action for money damages"). If the Court were to set aside the default, Mr. Wong would move to dismiss this defective claim.

///

### (b) Dismissal of the Section 15(b) Claim Will Divest the Court of Jurisdiction Over the Remaining Claims

As discussed above, the only cause of action based on federal law (and which supports federal question jurisdiction under 28 U.S.C. §1331)—the Exchange Act Section 15(b) claim—is vulnerable to dismissal. With that claim dismissed, only state law claims would remain. Plaintiffs admit in their Complaint that all parties reside in California (*see* Dkt. At 3-4), meaning there can be **no** diversity jurisdiction. With no federal question or diversity jurisdiction available, Mr. Wong would move to have this matter dismissed based on lack of subject matter jurisdiction.

### (c) Plaintiffs Cannot Bring a Claim Under the California UCL Based on Securities Transactions

Plaintiffs' fourth cause of action alleges a violation of California Unfair Competition Law (the "UCL"), claiming that Mr. Wong sold them "ERC-20 DAG Tokens as an unlicensed broker[.]" (Dkt 1. At 10-11). This cause of action is vulnerable to a motion to dismiss, as case law makes clear that "no court" has "allowed [UCL] claims to proceed where, as here, the predicate acts are securities transactions." *Betz. v. Trainer Wortham & Co., Inc.*, 829 F. Supp. 2d 860, 866 (2011); *see also Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 790 (2004). As Plaintiffs charge in the Complaint, the tokens in question were sold in "violation of federal state and securities laws." (Dkt. 1 at 2.)[3] Since the predicate acts alleged to support a UCL violation are centered on securities transactions, Plaintiffs' UCL claim is subject to dismissal.

///

///

---

[3] Plaintiffs also allege that "the ERC-20 DAG Tokens are securities regulated by the [Exchange] Act." (Dkt. 1 at 8.)

        (d)    California Does Not Recognize a Separate Cause of Action for Unjust Enrichment

The Complaint's fifth[4] claim for relief is for "unjust enrichment," which is not recognized as a separate cause of action in California. *See Swanson v. USProtect Corp.*, 2007 WL 1394485, at *5 (N.D. Cal. May 10, 2007) ("There is no cause of action in California for unjust enrichment . . . Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself"); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Because this cause of action is "not cognizable" it is subject to dismissal with prejudice. *See Martinez v. Hammer Corp.*, 2010 WL 11507562, at *6 (C.D. Cal. Jan. 29, 2010).

Mr. Wong has only retained his current counsel in the past two weeks. (*See* Meehan Decl., ¶ 2.) In addition to the strong defenses enumerated above, Mr. Wong expects to develop additional factual and legal defenses once, and if, this matter enters the discovery stage. (*See* Wong Decl., ¶ 8.)

        3.    Mr. Wong Is Wholly Blameless with Respect to the Default

Mr. Wong is not "culpable" within the meaning of default case law because he had no idea he had even been named in this lawsuit until after the default order had been entered. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) ("culpability" analysis is essentially an exercise in determining whether neglect was "excusable" or function of a "mistake"). Here, the culpability lies squarely with Plaintiffs—not Mr. Wong. Plaintiffs attempted to serve Mr. Wong at an old address and left the service papers with his elderly and infirm

---

[4] Due to an apparent scrivener's error, the Complaint contains two "fourth" causes of action. Mr. Wong refers to the second of these, the unjust enrichment claim, as the fifth cause of action for the sake of clarity.

mother.[5] (Wong Decl., ¶¶ 4-7.) Rather than do the reasonable thing and try to confirm they actually had the correct address for Mr. Wong, Plaintiffs immediately pounced and aggressively sought an entry of default as soon as they could.[6] (*See* Dkt. 17.) Plaintiffs should not benefit from such ambush litigation tactics. Mr. Wong is not at fault for the entry of default. Now that he has learned of this litigation, however, he has retained competent counsel and is eager to have this case adjudicated on its merits.

**IV.   CONCLUSION**

For the reasons set forth above, the Court should vacate the default Order and permit Mr. Wong to file a motion to dismiss within 30 days of a ruling by this Court.

DATED: March 26, 2024                WAYMAKER LLP


By:    */s/ Donald R. Pepperman*
       DONALD R. PEPPERMAN
       *Attorneys for Defendant Jason Wong*

---

[5] Plaintiffs later mailed copies of the same documents to this same address. (*See* Dkt. 14-15.)

[6] Moreover, it is evident that Plaintiffs all along had Mr. Wong's correct email address. (*See* Wong Decl., ¶ 2, Ex. A.) Yet they nevertheless chose to send Mr. Wong a copy of their Complaint only **after** the default had been entered. (*Id.*, ¶¶ 2-3, Ex. A.) This type of gamesmanship should not be countenanced.